cannot be impeached on a petition containing only so vague an averment.

3. I have looked into the testimony of the bankrupt taken before the register in this case, and his testimony taken on the supplemental proceedings in the state court, and can see no ground for questioning the bona fides, fairness or validity of the transfer of his property to his brother, in August, 1862, and no reason to suppose the bankrupt failed to insert, in his schedule of assets, all the property he had at the time, or failed to deliver to his assignee all the property he was bound to deliver to him.

The prayer of the petition is denied.

---

## Case No. 8,823a.

### In re McINTIRE.

[2 Hayw. & H. 339.] 1

Circuit Court, District of Columbia. March 13, 1860.

MOTION TO ADMIT A WILL TO PROBATE.

1. A will to convey land must be perfect, and executed with all the forms and solemnities required by law. No defect in its execution can be aided or supplied by parol proof.

2. A will of personal property must be perfect on its face, or it must appear, if incomplete or defective, that it was intended by the testator that it should operate as his will in its unfinished state, or that he was prevented from completing the contemplated formalities by being overtaken by sickness or some other casualty.

A paper, acknowledged to have been written by the late Mr. Alexander McIntire, and purporting to be his last will and testament, but without date or signature, was presented to the orphans' court for probate. The case having been argued by the counsel for and against the paper as the will of the deceased, the judge gave the following as the judgment of the court.

BY THE COURT. The said paper upon its face purports to dispose of all his estate, real and personal, as his last will and testament. It is proved to have been written by said McIntire, and was found with another paper of his after his death, where it had doubtless been placed by said McIntire, without date, and not signed. Dr. Young, his intimate friend, and physician in his last illness, proved that McIntire said to him that he had made his will.

A will to convey lands must be perfect, executed with all the forms and solemnities required by law, and no defect in its execution can be aided or supplied by parol proof. It is equally true that the same strictness is not required in a will of personal property; but to constitute even a good will of personal property the paper must be either complete on its face, or it must appear if incomplete or defective, that it was intended by the testator that it should operate as his

will in its unfinished or imperfect state, or that he was prevented from completing the contemplated formalities by being overtaken by sickness or death, or some other casualty. Plater v. Groome, 3 Md. 143; Tilghman v. Stewart, 4 Har. & J. 173; Barnes v. Syester [14 Md. 507], decided in the June term of 1859, being the will of Virginia W. Mason, propounded for probate, and refused both as to realty and personalty. See the opinion of Lord Loughborough in Mathews v. Warner, 4 Ves. 209.

Alexander McIntire, deceased, was an intelligent man; he understood perfectly well the formalities necessary to make his will effective as to his estate, and it cannot be presumed that he intended this unfinished paper to operate as his will. This paper, therefore, cannot be admitted to probate, and the motion is overruled.

---

## Case No. 8,824.

### M'INTIRE'S CASE.

[1 Cranch, C. C. 157.] 1

Circuit Court, District of Columbia. Dec. Term, 1803.

JUROR—OATH—AFFIRMATION.

Juror not permitted to affirm.

Samuel M'Intire being summoned as a juror in the cause of Whelan v. Whelan [unreported], and refusing to be sworn, although offering to affirm, and stating that he never had been sworn, but had been often affirmed on juries in other states as well as in this court; that he preferred affirming to swearing; that he was not a Quaker, nor attached to any particular religious sect; was ordered into custody of the marshal until the further order of this court. Upon his offering to be sworn without kissing the book, but holding up his hand, he was discharged.

---

McINTIRE (KEIRLL v.). See Case No. 7,-651.

---

## Case No. 8,825.

### McINTIRE v. WOOD.

[Cited in U. S. v. Kendall, Case No. 15,517. Nowhere reported; opinion not now accessible. See same case, 7 Cranch (11 U. S.) 504.]

---

## Case No. 8,826.

### In re McINTOSH.

[2 N. B. R. 506 (Quarto, 158).] 2

District Court, D. North Carolina. April, 1869.

BANKRUPTCY—LIENS—JUDGMENT—WITHDRAWAL OF PROOF.

1. The issuing of a writ of fieri facias upon a judgment recorded against the defendant in 1861,

---

1 [Reported by John A. Hayward, Esq., and George C. Hazelton, Esq.]

1 [Reported by Hon. William Cranch, Chief Judge.]

2 [Reprinted by permission.]